BEAM, Circuit Judge,
concurring.
I concur in the court’s opinion. On the record before the court, the opinion well and accurately reflects the state of the law. Nonetheless, I am troubled by having to reach this result and write separately to mention some specific concerns.
The series of informal meetings used to adopt the pro-union bidding policy, apparently orchestrated by the school superintendent and aided, at least in part, by board member Rudy Smith, a paid union organizer, seems to have permitted the school district to skate around barriers erected by the Missouri Sunshine (open meetings) Laws. These procedures, although perhaps technically permissible, obviously led to unfairness to K.C. Sheet Metal and its employees, caused significant increases in construction costs, and prompt me to believe that the interests of all the citizens of the district were not properly and adequately represented in this exercise.
Mr. Smith, in response to K.C. employees’ allegations concerning constitutional free association rights, claims that he was totally unaware that K.C. employees had, only weeks prior to the bid letting, voted against union affiliation with a local union member of the St. Louis Building and Construction Council. This claim is surprising, if not virtually unbelievable, given that Mr. Smith himself, acting for his own local union, also a member of the same council, had, at an earlier time, unsuccessfully attempted to organize these same K.C. employees. Indeed, considering all the facts alleged and presented, Mr. Smith’s affidavit could have been disregarded by the district court as incredible.
Finally, I express my greatest concern over the school superintendent’s activities in seeking to extract the nonunion subcontractors from the low bidder’s proposal. Notwithstanding their willingness to adopt policies designed to exclude nonunion entities from this public building project, the school board members, to a person, contend that they knew nothing of K.C.’s low bid at the time Mr. Smith moved the adoption of the modified bid proposal at the school board meeting. Assuming the truthfulness of these assertions, it appears that the superintendent, without governing board authorization, secretly altered and then presented changed bid documents to the school board for its required consideration. These modifications occurred as a result of substitutions made in papers forwarded as part of the sealed bid proposals, presumably submitted under the protection of Missouri public bidding statutes. As nearly as I can tell, the school board has expressed no particular concern about this unusual turn of events. This causes me to agree with appellants’ observation that the school board and its administrators “wanted an all-union labor force at least in part because they wanted to grant *812 a political favor [at taxpayer expense] to unions that [they] felt had supported the bond issue and not because it would benefit the Project itself.” Appellants’ brief at 29 (citations to record omitted). If this is in any way accurate, and, as indicated, I believe it may be, every school district taxpayer except, perhaps Mr. Smith and those similarly situated, should be outraged.
As stated, I concur in the court’s opinion. However, I lament that it is necessary for me to do so given the facts of this case.